1842.

Albany City
Bank
v.
Schermer-
horn.

---

THE ALBANY CITY BANK *vs.* SCHERMERHORN and others.

The statute allows two modes of proceeding against parties as for contempt, to enforce civil remedies; by attachment to bring the party into court to answer for the alleged contempt, or by an order for the accused to show cause why he should not be punished for his alleged misconduct. But in either mode of proceeding the party complaining of the alleged misconduct must lay a foundation for the proceeding, by affidavits, or other evidence, that the accused is in contempt.

Where the party complaining of a contempt proceeds by an order to show cause why the accused should not be punished for the alleged misconduct, the order to show cause, and copies of the affidavits and other papers upon which the application is founded, or so much of them as is not already in the possession of the accused, must be served on him, or his solicitor, such length of time before the hearing as the court may direct in such order.

Upon an order to show cause why a party should not be punished for a contempt, if such party neglects to appear at the time appointed, or shows no sufficient cause, the court may make a final order, immediately, adjudging that he has been guilty of the alleged contempt, and awarding the proper punishment as directed by the statute.

But if the contempt is denied, the court may discharge the order to show cause; or may allow the prosecutor to file interrogatories, and then refer it to a master to take the answers of the accused to such interrogatories, and to receive such testimony, as to the alleged contempt, as either party may offer before him, and report the answers to the interrogatories, and the testimony taken before him, to the court. But the proofs before the master, and not merely his opinion upon such proofs, must be reported to the court.

1842.

Albany City
Bank
v.
Schermer-
horn.

Where a party proceeds by attachment for the alleged contempt, he must file interrogatories and obtain the answers thereto before the court can make a final order; unless the accused upon being brought into court upon the attachment admits the contempt, as charged.

The order of the court convicting a party of a contempt, in a proceeding to enforce a civil remedy, should recite the substance of the alleged misconduct, the adjudication of the court that the accused has been guilty thereof, and that such misconduct was calculated to and did impair, defeat, impede and prejudice the rights or the remedies of the prosecutor, or the parties in the cause; and should direct the payment of a fine sufficient to indemnify the party injured and to satisfy the costs and expenses of the proceeding. And where any thing remains to be done by the accused party to purge his contempt, the order should specify particularly what he is to do, and the manner in which it is to be done, to entitle him to his discharge from the commitment, upon payment of the fine, &c.

Where a party is convicted of a contempt, the order adjudging him to be guilty should not direct him to pay the costs of the proceedings *to be taxed*. But the costs should be taxed and inserted in the order, as a part of the fine imposed upon the party who is in contempt.

Where a receiver, appointed in a creditor's suit, is entitled to the personal property of the defendant, and the rents and profits of his real estate, if the defendant neglects to make an assignment so as to give to the receiver a legal title to the property, the court, upon a bill filed by the receiver, will protect his rights against sheriffs and others who have seized upon the property to prevent his obtaining possession thereof.

But the court cannot protect the rights of the receiver by a summary proceeding against a person, not a party to the suit, who seizes upon property which has never been in the possession of the receiver or his agents.

After the tenants of a party have attorned to a receiver, under an order of the court, the court will not allow them or any one else to question the right of the receiver, by disturbing his possession.

Where a receiver is in possession of real estate which is subject to the lien of a judgment, the sale of the premises by the sheriff, upon an execution on such judgment, does not disturb the possession of the receiver; and the sheriff cannot, therefore, be proceeded against for a contempt in making such sale. But the purchaser cannot disturb the possession of the receiver, when he obtains his conveyance from the sheriff, without the permission of the court.

Whether the court of chancery, upon a creditor's bill, will authorize the receiver to take the rents and profits of the defendant's real estate, which has been sold on execution, during the fifteen months allowed for the redemption thereof; *Quære?*

January 24.

THIS was an appeal by D. Perrin & J. Boardman, the late sheriffs of the counties of Monroe and Orleans, from a decretal order of the vice chancellor of the eighth circuit, adjudging them to be in contempt, and ordering

1842.

Albany City
Bank
v.
Schermer-
horn.

them to pay the costs of the proceedings to be taxed, and to deliver up to the receiver in these causes the property levied upon by them respectively ; and that they be committed until the order should be complied with. From the certificate of the clerk it appeared that the only papers used before the vice chancellor, upon the making of the order appealed from, was the report of the master to whom it had been referred to take the answers to the interrogatories and to report the facts in relation to the alleged contempt, the interrogatories and answers thereto, and the order to show cause why an attachment should not issue ; which last mentioned order was not produced upon the hearing of the appeal.

*S. R. S. Mather*, for the appellants.

*G. H. Mumford*, for Pond the receiver.

THE CHANCELLOR. The necessary papers are not before me, on this appeal, to enable me to decide the case upon the merits ; nor were all the papers which the law requires before the vice chancellor, upon making the order appealed from, according to the certificate of the clerk. The statute relative to proceedings as for contempts to enforce civil remedies and to protect the rights of parties in civil actions, has prescribed two modes of proceeding, where the misconduct complained of is not committed in the immediate view and presence of the court ; except in the two cases, of disobedience to a rule or order for the payment of money, and disobedience to a subpoena. One of the prescribed modes is by an order on the accused party to show cause, at some future time to be specified in the order, why he should not be punished for his alleged misconduct ; and the other is to grant an attachment, to arrest the accused and bring him before the court, to answer for such misconduct. (2 R. S. 535, § 5.) In either mode of proceeding, however, the party complaining of the alleged misconduct must produce proof thereof, by affidavits, or a

sworn petition, or other legal evidence, as the founda-
tion of the proceedings.  (*Idem*, § 3.)  Where the party
proceeds by an order to show cause, copies of the order,
and of the affidavits and other papers on which it is
founded, and of such other documentary evidence as the
prosecutor wishes to use in the case, or so much thereof as
is not already in the possession of the accused, must be
served on him, or on his solicitor, such length of time, pre-
vious to the day appointed for showing cause, as the court
shall in such order direct.  And then if the party accused
does not appear at the day appointed, or at such other day
as may be afterwards designated for that purpose, or if he
appears and does not deny the alleged misconduct, the
court may at once proceed to make a final decision, that
the accused has been guilty of the contempt charged,
and to award the proper punishment, as directed by the
statute.  (2 *R. S.* 538, § 19 *to* 24.)  If the alleged mis-
conduct is denied, the court may discharge the order to
show cause ; or may allow interrogatories to be filed and
refer it to a master to take the answers of the accused to
such interrogatories, and to take such proof as either party
may wish to offer, and report the same to the court.  But
the proofs themselves should be reported to the court, and
not merely the master's opinion thereon.  For the statute
directs the court to determine upon the original affidavits,
the answers of the defendant, and such subsequent proof,
whether the accused has been guilty of the alleged mis-
conduct.  (*Idem*, § 19.)

Where the prosecutor proceeds by attachment, if the
defendant is brought into court or voluntarily appears
thereon, the court is required by the statute to cause inter-
rogatories to be filed, specifying the facts and circumstan-
ces of misconduct alleged against the defendant, and re-
quiring his answer thereto.  This appears to be absolutely
necessary, in a proceeding by attachment, unless the de-
fendant admits the alleged contempt.  Upon such interroga-
tories being filed and answered, the court may proceed in a
summary manner to decide the question as to the guilt of
the accused ; or may refer it to a master to take the an-

swers of the defendants to the interrogatories, and to take and report such other evidence as either party may wish to produce before him relative to the contempt.

In this case the receiver proceeded against the appellants by attachment; and not by an order to show cause why they should not be punished for their alleged misconduct in disturbing him in his right to the property, over which he had been appointed receiver, as the officer of the vice chancellor's court. He had previously obtained an order for the appellants to show cause why an attachment should not issue, instead of giving them the ordinary notice of a motion for an attachment. The alleged contempt for which that attachment issued, however, was not the neglect of the appellants to restore the property and pay the costs, under the order of the 16th of September, 1840. For that was not an absolute order to restore the property. But it was a conditional order merely; a compliance with which would have stayed all further proceedings against the defendants for their alleged misconduct in disturbing the possession of the receiver. The interrogatories, therefore, instead of being directed to the question whether the defendants had complied with the conditions of this alternative order, should have been directed to the facts of the contempt as stated in the petition upon which that order was founded: to wit; the time of the commencement of these suits; the fact of the making of the order for the appointment of a receiver therein; the nature and substance of that order, by a reference to a certified copy thereof or otherwise; the due appointment of the relator as receiver, under that order; the seizure of the property, over which he had been appointed receiver, by execution issued subsequent to his appointment; the actual or constructive possession of the property by the receiver, by an attornment of the tenants or otherwise, at the time it was seized by the sheriffs, &c. And these interrogatories should have been answered by the defendants personally, and not by deputy. Where the facts of the alleged contempt are not known to the defendants personally, or are not admitted by them, the prosecutor may use his petition and original

1842.

Albany City
Bank
v.
Schermer-
horn.

papers, upon which the order for attachment was granted to prove the facts; or he may introduce other evidence before the master for that purpose. But the defendants are entitled to the benefit of their answers to interrogatories, to disprove the alleged contempt, so far as they will go; subject to be contradicted by the affidavits or other evidence of the prosecutor.

So far as I can understand this case from the master's report, there is no question as to the equitable right of the receiver to all the personal property of Schermerhorn, in which he had any interest at the time of the commencement of these suits, and to the rents, profits and income of the real estate which accrued after that time; provided such property or rents and income had not been reached by the executions of other creditors before this court made an equitable sequestration thereof by its order for the appointment of a receiver. (*Tanfield* v. *Weston*, 2 *Sim. & Stu. Rep.* 96.) And if Schermerhorn neglected to comply with the order to make an assignment so as to give the receiver the legal title to the property, or if the tenants refused to attorn to the receiver and to deliver over to him the shares of the crops to which he was entitled as such receiver, this court upon a proper bill filed will protect his rights against the sheriffs or others who have seized upon such crops.

The right to proceed against the appellants as for a contempt, however, depends upon the question whether the receiver, either by himself or his agents or tenants, was in possession of the property at the time it was seized by the appellants, and not upon the mere right of the complainants to reach such property by a creditor's bill. The court will not let the possession of the receiver, which is that of the court itself, be disturbed by any one without its permission. (*Noe* v. *Gibson*, 7 *Paige's Rep.* 513.) Nor will this court, where it has made an order for the appointment of a receiver of real estate, and the tenants have attorned to such receiver under the order of the court, permit the tenants or any other persons to question the right of the court to grant such receivership, by disturbing the possession of its offi-

1842.

Albany City
Bank
v.
Schermer-
horn.

cer. It is not a question, therefore, for consideration, upon these proceedings, whether the court is authorized upon a creditor's bill to reach the rents and profits of real estate during the fifteen months allowed for the redemption of such estate when sold on execution. If the tenants had attorned to the receiver, or had agreed to account to him for the share of the crops, &c. belonging to the landlord, before the sheriffs levied their executions thereon, the appellants were not authorized to disturb such constructive possession of the receiver. And they may be compelled to restore the property, or the value of it, in this summary way. On the other hand, if the receiver was not in possession, either by himself or his tenants by attornment, or by his agents, he cannot enforce a delivery of this property to him by proceedings as for a contempt against the sheriffs who have levied thereon; although he may have an equitable right to recover the same by a bill in this court, founded upon the previous order to appoint a receiver.

The facts are not sufficiently ascertained in the papers upon which the final order in this case was made, to enable me to decide whether the appellants were actually in contempt, or if so, to what extent. Certainly it was no contempt to levy upon the real estate of Schermerhorn, under a judgment against him, and to sell the same to the highest bidder; as that could not disturb the possession of the receiver, even if the tenants had all attorned to him. For the purchaser at such sale, after the expiration of the time allowed for redemption, would of course have the right to ask this court to give him the possession of the land, if the judgment under which he purchased was prior in point of time to the filing of the complainants' bills. And if such purchaser attempted to divest the possession of the receiver without permission of the court, he alone would be guilty of the contempt; and not the sheriffs, who had merely sold the interest of the judgment debtor in the real estate, subject to all just claims of the receiver or of any other persons thereon.

Even if there was no other difficulty in this case, the

form of the order is not such as the statute authorized, upon a conviction for a contempt. The order is also one which it will probably be impossible for the appellants to comply with. And therefore if it is permitted to stand in its present form, they may be subjected to perpetual imprisonment. The property levied upon, in the summer of 1840, consisted principally of grass, and of winter and summer crops then on the ground, or of the portions thereof which by the conditions of the leases would belong to the landlord. And from the very nature of the property it is hardly possible that the appellants should have been able to return it to the receiver, in the form in which they received it, at the time when the order appealed from was made in the fall of 1841. The master should therefore have ascertained the value of the property improperly taken, and the present situation of such property; to the end that if it could not be restored to the receiver, a fine might be imposed sufficient to indemnify the receiver for the loss, in addition to the costs of the proceedings. (2 *R. S.* 538, § 21.)

The order, upon a conviction for a contempt of this description, should be drawn up in proper form; reciting the substance of the alleged misconduct, the adjudication of the court that the accused had been guilty of the contempt, and that such misconduct was calculated to and did impair, defeat, impede and prejudice the rights or remedies of the prosecutor, or of the parties in the cause; and imposing a fine sufficient to indemnify them and to satisfy the costs and expenses. Where any thing further remains to be done by the party guilty of the contempt, the order should also specify particularly what he is to do, and the manner in which it is to be done, to entitle him to his discharge upon the payment of the fine imposed. And where the fine embraces several particulars, as where a part is for the loss or injury sustained by the contempt, and a part to satisfy the costs and expenses of the proceedings, the amount of each should be specified. The order should also direct to whom the fine is to be paid, or what is to be done with

such fine when paid, &c. ; so that the order, and the pro-
cess of commitment founded thereon, may show the nature
of the conviction, and what the defendant is to do to enti-
tle himself to a discharge from his imprisonment.    And
instead of directing, in the order, the payment of the costs
of the proceedings, *to be taxed,* the costs should be ascer-
tained, and included in the order, as the fine or as a part
of the fine to be imposed upon the defendant.    (*See The
People* v. *Rogers,* 2 *Paige's Rep.* 104.)

The decretal order appealed from must therefore be re-
versed, without costs to either party on this appeal.    And
the proceedings must be remitted to the vice chancellor,
with directions that the respondent file new interrogatories,
to be answered by the appellants respectively, specifying
therein the facts and circumstances of misconduct, &c. al-
leged against them ;. and to refer it back to the master to
take the answers to such interrogatories, and to take such
proof as may be offered by either party in relation to the
alleged contempt, specified in the petition and papers upon
which the alternative order of the 16th of September, 1840,
was founded ; also to ascertain what damages or injury the
receiver, or the complainants in these suits, have sustained
by reason of the interference with the property which was
in the possession of the receiver or of his agents or tenants ;
and whether any such property is still in the possession or
under the control of the appellants respectively, so as to
enable them to restore it to the receiver, and if so, to state
what such property is, and the present situation thereof;
and that the master report the answers to such interroga-
tories, the amount of such damage or injury, and the proofs
and other papers produced before him, to the vice chancel-
lor ; that the vice chancellor, upon such answers and
the proofs, &c. and on the petition and other papers upon
which the alternative order for an attachment was founded,
proceed and decide the question whether the appellants, or
either of them, have been guilty of the alleged misconduct,
&c. or of any part thereof, as specified in the said petition ;
and that he give the necessary consequential directions

rounded upon such adjudication, pursuant to the directions of the statute, on the subject of such contempts, and the course and practice of this court.