STEPHEN BRUSH, Executor, &c., of ROBERT HYSLOP, Deceased, Respondent, *v.* WILLIAM LEE, Impleaded, &c., Appellant.

*Supplementary Proceedings—Order to Pay—Contempt, Imprisonment for.*

Where in proceedings supplementary to execution the judge finds the Defendant able to pay the judgment, and orders him to pay the same within a time specified, and also to pay an amount of costs stated, if the Defendant fails to comply with such order, he may be proceeded against as for contempt, and may be imprisoned until such order be complied with.

Appeal from an order of the Supreme Court made at General Term in the First District, affirming an order made at Special Term.

An order to examine the Defendant Lee, in proceedings supplementary to execution, was duly made and served upon him on the 30th day of January, 1866 (fols. 18 to 25). The proceedings thereunder were regularly adjourned at his request, until the 10th day of March, 1866, when he was duly sworn, and his examination was thereupon again adjourned, at his own request, until the 13th of March, 1866. On the 13th Lee failed to attend. Upon an affidavit showing these facts, an order to show cause, returnable on the 16th inst., why Lee should not be punished for his misconduct, was, on March 14, 1866, duly issued by Mr. Justice Barnard. This order, and the affidavit upon which it was granted, were duly and personally served upon Lee the same day. On the 16th of March Lee appeared personally upon the return of the order to show cause, and an order, expressing that it was upon his consent, was made that he pay certain amounts therein specified, being the amounts due on the Plaintiff's judgments against him, and $30 costs of the supplementary proceedings, within five days. This order was modified ex parte, three days later, by striking out the recital of Lee's consent, and inserting instead an admission that he had money enough to pay the judgment. This order was duly and personally served upon Lee on the day upon which it was

made.    The order was not complied with, however, although payment was duly and personally demanded of Lee after the five days had expired.    Upon affidavits showing these facts, and upon all the prior proceedings, an order to show cause, returnable on the 27th of March, why Lee should not be punished for his misconduct and contempt was, on the 23d day of March, 1866, issued by Mr. Justice Barnard.    This order, and the affidavits upon which it was granted, were duly and personally served upon Lee, on the same day.    Lee attempted to show cause, and read in opposition two affidavits of his own, two affidavits of his counsel, James J. Colwell, and affidavits of George W. Niles and David Melio (fols. 38–77), but he gave no reasons in any of said papers for his disobedience of said orders, and did not deny such disobedience. He was adjudged guilty of contempt in having, among other things, wilfully disobeyed the order of 16th March, 1866, and was committed until he should pay the sums which he was required to pay by the order of March 16, 1866, and also the sum of ten dollars for Plaintiff's costs of the contempt proceedings, together with the fees of the sheriff on the precept and commitment.

SCRUGHAM, J.—It appears from the recital in the order of March 16, 1866, and from statements in the affidavits of the Defendant Lee, that on that day he personally appeared in Court in obedience to the order to show cause of March 14, 1866.    He then admitted that he had money and property sufficient to pay the judgments of the Plaintiff; and thereupon an order was made requiring him to pay, within five days, amounts of money therein specified, being the sums due on said judgments and $30 for the Plaintiff's costs of the proceedings supplementary to execution.    It is a sufficient answer to the point that this was not an order for the payment of money in a case where, by law, execution could not be awarded for the collection of the sum, that the order was made in proceedings supplementary to execution, and that execution for the collection of the money it directed the Defendant to pay, could not be awarded upon it.    It was founded upon the return of an execution unsatisfied, and the confessed ability of the De-

fendant to pay the amount of the judgment upon which such execution issued.

The statute " of proceedings for contempt, to enforce civil remedies and to protect the rights of parties in civil actions," excepts the case of disobedience to an order for the payment of money from the cases wherein proceedings must be instituted either by attachment or order to show cause ; and in this case the Court, upon the facts stated on the application for the order to show cause, was empowered immediately to award a precept for the imprisonment of the Defendant. The Defendant cannot be heard to complain that this course was not adopted. The order to show cause gave him an opportunity to which strictly he was not entitled, viz., to be heard in answer to the alleged contempt before his imprisonment should be ordered. The Court in granting it did not lose the power to order his imprisonment, which was acquired by proof of his failure to comply with the order of March 16th, but merely postponed its exercise until it could be ascertained whether he would offer any sufficient excuse for his non-compliance. As the case was not one of those in which the statute requires an order to show cause, or an attachment to issue, it was not necessary that the practice as to proofs, which prevails in such cases, should be adopted, but the order was to be regarded only as an ordinary order to show cause, on the return of which proofs are made by affidavits. The question whether an examination of the Defendant, upon interrogations, is necessary on the return of the order to show cause required by the statute, does not, in my judgment, necessarily arise ; but as it is discussed by the counsel, it is perhaps proper to consider it.

The statute regulates the practice in cases under it commenced by attachment, but is silent as to that which is to be pursued when the proceedings are commenced by order to show cause. In those cases, in the late Court of Chancery, when the Defendant appeared and denied the contempt, it was the practice to file interrogatories and proceed substantially in the same manner as upon the return of an attachment; but when, as in this case, the party appeared, but did not deny the alleged misconduct, the

Court would at once proceed, without requiring interrogatories to be filed, to make a final decision and award the proper punishments (Albany City Bank *v.* Schermerhorn, 9 Paige, 372). The statute gives the complaining party the choice of two methods of proceeding; one of which enables him to bring his adversary personally before the Court for examination, while by the other he can only require him to answer by affidavit. That this distinction was contested is apparent from the fact that the provisions made for the examination of the Defendant on interrogatories refer only to cases commenced by attachment. The advantage of such an examination is to the complaining party, enabling him, in effect, to cross-examine his adversary, a privilege he has not when, as in the return on an order to show cause, the party proceeded against responds by affidavit, and that party has no reason to complain if his opponent choose a proceeding in which he cannot avail himself of this advantage without a special order of the Court.

The proceeding was not against the Defendant for contempt in not paying costs, but in not obeying an order made in proceedings supplementary to execution. The power to make such an order, and to punish disobedience of it, is not affected by the nature of the claim upon which the judgment upon which the execution issued was granted; but depends solely upon the return of the execution unsatisfied, and the ability of the judgment debtor to pay it.

The order should be affirmed.