## BRUSH v. LEE.

### June, 1867.

. In proceedings supplementary to execution, if the judge finds the defendant able to pay the judgment, and orders him to pay the same within a time specified, and also to pay an amount of costs stated, the defendant, if he fails to comply with such order, may be proceeded against as for contempt; and may be imprisoned until such order be complied with.

It is not necessary in such case that the proceedings for contempt be instituted by attachment and interrogatories. Disobedience of an order for the payment of money may be immediately punished by a precept for the imprisonment of the defendant. But if an order to show cause be taken, the defendant is not entitled to object to that mode of proceeding.

On the return of such an order to show cause, he cannot insist on interrogatories, as in the case of an attachment. *

The power to punish the defendant for contempt in such a case is not affected by the fact that the judgment on which the proceedings supplementary to execution were founded, was a judgment merely for costs.

The plaintiff, Stephen Brush, as executor of one Robert Hyslop, deceased, commenced a suit against the defendant William Lee, and one George W. Niles and others, to remove a cloud upon the title to certain real estate in Brooklyn, which had been sold under an execution against said Hyslop ; and recovered a judgment for costs, which was affirmed on appeal. Execution on this judgment having been issued and returned unsatisfied, the plaintiff commenced supplementary proceedings under section 292 of the Code of Procedure, by an order requiring the defendant Lee to appear and be examined as to his property. He accordingly appeared and was sworn, but after several adjournments he failed to appear, and plaintiff took an order on March 14, requiring him to show cause on March 16 why he should not be punished for contempt. On the return day he consented to an order being made requiring him within five days to pay the judgment and the thirty dollars, the costs of the supplementary proceedings. As originally entered,

---

* See Pitt v. Davidson, 37 *N. Y.* 235 ; S. C., 3 *Abb. N. S.* 398 ; Brinkley v. Brinkley, 47 *N. Y.* 41.

this order of March 16 recited that he appeared, and that he consented to its entry; but did not expressly state that he appeared personally.

A few days afterward, on a suggestion that the consent was inadvertently admitted, the court modified the order by striking out the consent and inserting the words, " admitting that he had money and property sufficient to pay the judgments mentioned in said order."

Payment was personally demanded upon the lapse of the five days, but not made, and plaintiff then on affidavits of the facts and the proceedings, obained an order requiring Lee to show cause on March 27, why he should not be punished for his contempt, in not paying the judgments and costs, and not appearing in obedience to the original order and adjournments.

All the orders above mentioned were duly and personally served upon Lee.

Upon the return of the last mentioned order to show cause, affidavits in opposition were read, and an order of court was made, adjudging that defendant Lee was guilty of contempt in having willfully disobeyed the order for payment, and in failing to appear, &c., and directing that a precept and commitment be issued to commit him to jail until payment, &c.

*The supreme court,* at general term, on appeal by defendant, affirmed the order, on the ground that as the defendant in the first instance appeared personally before the judge, his subsequent personal appearance was not necessary to give jurisdiction; and that interrogatories neet not be filed except where defendant was arrested on an attachment. The court also intimated that even the last order to show cause was unnecessary, and that proof by affidavit of demand and refusal would be enough.

Defendant appealed.

*E. J. Sherman,* for defendant, appellant;—Cited Pitt *v.* Davidson, 37 *Barb.* 112; 2 *Edm. Stat.* 534; § 3; 522; 556, § 19; 4 *Id.* 630; Watson *v.* Fitzsimmons, 5 *Duer,* 629; 4 *Edm. Rev. Stat.* 630; Note *f* to section 302 of the Code.

*George C. Barrett,* for plaintiff, respondent;—Cited Yates

v. Lansing, 9 *Johns.* 396; Albany City Bank *v.* Schermer-horn, 9 *Paige*, 372;Watson *v.* Fitzsimmons, 5 *Duer*, 629; S. C., affirmed in court of appeals, Dec. 31, 1858; McCarton *v.* Van Syckel, 10 *Bosw.* 597; 2 *Edm. Rev. Stat.* 554, §§ 3, 4, 5, 19–24; *Code*, §§ 297, 301, 302, note *d;* People *v.* King, 9 *How. Pr.* 97; Wicker *v.* Dresser, 13 *Id.* 33; Dresser *v.* Van Pelt, 15 *Id.* 19; Reynolds *v.* McElhone, 20 *Id.* 454; People *v.* Kelly, 22 *Id.* 309; Kearney's Case, 13 *Abb. Pr.* 459; 4 *Edm. Rev. Stat.* 630, ch. 390, §§ 2, 3; Livingston *v.* Fitzgerald, 2 *Barb.* 396; *Code*, §§ 297, 301, 302.

SCRUGHAM, J.—It appears from the recital in the order of March 16, 1866, and from the statements in the affidavit of the defendant Lee, that on that day he personally appeared in court in obedience to the order to show cause of March 14, 1866. He then admitted that he had money and property sufficient to pay the judgments of the plaintiff; and thereupon an order was made requiring him to pay, within five days, the amount of money therein specified, being the sums due on said judgments, and thirty dollars for the plaintiff's costs of the proceedings supplementary to execution. It was a sufficient answer to the point that this was not an order for the payment of money in a case where, by law, execution could not be awarded for the collection of the sum, that the order was made in proceedings supplementary to execution, and that an execution for the collection of the money it directed the defendant to pay, could not be awarded upon it. It was founded upon the return of an execution unsatisfied, and the confessed ability of the defendant to pay the amount of the judgment upon which such execution issued.

The statute " of proceedings for contempt, to enforce civil remedies and to protect the rights of parties in civil actions," excepts the case of disobedience to an order for the payment of money, from the cases wherein proceedings must be instituted either by attachment or order to show cause; and in this case the court, upon the facts stated on the application for the order to show cause, was empowered immediately to award a precept for the imprisonment of the defendant. The defendant cannot be heard to complain that this course was not

Brush *v.* Lee.

adopted. The order to show cause gave him an opportunity to which strictly he was not entitled, viz: to be heard in answer to the alleged contempt before his imprisonment should be ordered. The court in granting it did not lose the power to order his imprisonment, which was acquired by proof of his failure to comply with the order of March 16, but merely postponed its exercise until it could be ascertained whether he would offer any sufficient excuse for his non-compliance. As the case was not one of those in which the statute requires an order to show cause or an attachment to issue, it was not necessary that the practice as to proofs, which prevails in such cases, should be adopted, but the order was to be regarded only as an ordinary order to show cause, on the return of which proofs are made by affidavits.

The question whether an examination of the defendant, upon interrogatories, is necessary on the return of the order to show cause required by the statute, does not, in my judgment, necessarily arise; but as it is discussed by the counsel, it is perhaps proper to consider it.

The statute regulates the practice in cases under it commenced by attachment, but is silent as to that which is to be pursued when the proceedings are commenced by order to show cause. In those cases, in the late court of chancery, when the defendant appeared and denied the contempt, it was the practice to file interrogatories and proceed substantially in the same manner as upon the return of an attachment; but when, as in this case, the party appeared, but did not deny the alleged misconduct, the court would at once proceed, without requiring interrogatories to be filed, to make a final decision and award the proper punishments (Albany City Bank *v.* Schermerhorn, 9 *Paige*, 372). The statute gives the complaining party the choice of two methods of proceeding; one of which enables him to bring his adversary personally before the court for examination, while by the other he can only require him to answer by affidavit. That this distinction was contested is apparent from the fact that the provisions made for the examination of the defendant on interrogatories refer only to cases commenced by attachment. The advantage of such an examination is to the complaining party, enabling him, in ef-

16

fect, to cross-examine his adversary, a privilege he has not when, as on the return on an order to show cause, the party proceeded against responds by affidavit; and that party has no reason to complain if his opponent choose a proceeding in which he cannot avail himself of this advantage without a special order of the court.

The proceeding was not against the defendant for contempt in not paying costs, but in not obeying an order made in proceedings supplementary to execution. The power to make such an order, and to punish disobedience of it, is not affected by the nature of the claim upon which the judgment upon which the execution issued was granted; but depends solely upon the return of the execution unsatisfied, and the ability of the judgment debtor to pay it.

The order should be affirmed.

A majority of the judges concurred.

Order affirmed with costs.