By the Court.
Grover, J.
The counsel for the respondent insists that the order is not appealable to this court, and that the appeal should for this reason be dismissed.
If the proceedings are to be regarded as taken in the action of Sudlow v. Knox, ihe counsel is right in the position. The order would then belong to the class specified in Code of Procedure, section 11, subdivision 2, and clearly not be appealable, as it does not determine that action, or prevent a judgment from which an appeal might be taken. If the order is one not made in the action, but in a special proceeding instituted to redress an injury sustained by the plaintiff, caused by the violation of the order made in the action, requiring the appellant to produce his books, &c., before the referee, it comes within subdivision 3, and is appealable to this court, as a final order made in a special proceeding affecting a substantial right.
I think the order belongs to the latter class. It in no way involves the merits, or affects the judgment to be rendered in the action. It could not, therefore, be reviewed upon an appeal from the judgment to be rendered therein. § 11, subd. 1. Unless regarded as made in a special proceeding, it is in no way reviewable by this court. This is not conclusive, for the statute does not make, all final orders made by the supreme court appealable to this court. It is necessary to examine the nature of the proceedings resulting in the order appealed from.
These were instituted and conducted under the provisions of statute entitled of proceedings as for contempt, to enforce civil remedies and to protect the rights of parties in civil actions. 2 B. S. 534, § 1, specifies the cases in which the power given may be exercised by the court. An examination of these will show that the larger portion, if not all, can in no sense be regarded as proceedings in the action.- Many are cases in which those proceeded against are not parties to the action.
• Another class may be taken after the action is terminated, either by settlement or final judgment, and in none of the *331 cases can the proceedings have any effect in the action or upon the judgment, other than a tendency to protect the party from injury from the future misconduct of the person proceeded against. By section 2 it is provided that if the misconduct occurs in the presence of the court, it may be punished summarily, as prescribed in the act. Section 3, and subsequent sections, provide for the proceedings to be taken in eases where the misconduct charged docs not occur in the presence of the court. None of these proceedings, whether against parties or others, in any way affect the action or judgment.
The precedents prior to the Code show that the proceedings subsequent to the attachment were not entitled in the action, but were entitled,—“ The People ” against the person charged.
Section 21 provides that in case the fine imposed for the indemnity of the party injured shall be paid to and accepted by him, it shall constitute a bar to any action brought to recover damages for such injury or loss. This shows clearly that the legislature did not regard the proceedings as had in the action, because, if so regarded,, the imposition of the fine would itself constitute a bar to any other proceeding to obtain satisfaction for the injury, and the institution and pendency of the proceedings would abate any other proceedings commenced for the same cause.
It follows that the order is appealable.
The counsel for the appellant insists that the order is erroneous, for the reason that the misconduct alleged was not proved by affidavit, as required, and that the requisite notice was not served.
The answer to this is, that it does not appear from the case that such proof was not given and notice served. From the case, I am unable to discover any such failure to comply with the statute as to show that the court had not jurisdiction, or as to deprive the appellant of a free opportunity to answer the charge, and interpose his defense, if any he had, thereto.
This brings us to the merits.
The order, in specifying, the misconduct of which the accused was convicted, recites, among other things, that he refused to leave his books with the referee. This he was not required to do by the previous order, and his refusal was, there *332 fore, no contempt. Whether an order requiring him to leave them would be valid, it is not now necessary to determine.
The order further recites that he produced the books in a mutilated condition. The uncontradicted testimony of the accused exonerated him from this portion of the charge, and for aught I can see, he was entitled to an acquittal thereon.
■ But the order further recites that the accused refused to obey the order of the referee, requiring him to permit a witness, while giving his testimony, to examine the books, to enable the opposite party to examine such witness in relation thereto. The evidence proved this portion of the charge. This constituted misconduct and a contempt within the meaning of the statute. The accused was, therefore, properly convicted of this part of the charge.
The order of the special term requires the accused to pay to the respondent his costs and expenses of the proceedings against the accused, and fixes the amount of such costs and expenses at the sum of one thousand dollars. This was modified by the general term, by reducing the amount to be paid to the respondent for his costs and expenses, to two hundred and fifty dollars.
This provision of the order is based upon section 2 of the statute. That section provides that if an actual loss or injury shall have been produced to any party by the misconduct alleged, a fine shall be imposed sufficient to indemnify such party, and to satisfy his costs and expenses, which shall be paid over to him upon the order of the court. The question is, whether the amount of the costs and expenses is to be ascertained by the rates of compensation prescribed by statute for the services performed, or whether the court is summarily to fix the amount in its discretion.
The present case shows that this is a very important question. The judge at special term, acting upon the latter principle, fixed the amount at one thousand dollars; while the judges at general term, acting upon the same principle, were of opinion that twenty-five per cent, of that amount was an adequate compensation. This wide difference between learned judges shows that their discretion, exercised in the absence of any testimony or fixed rule, is not infallible, and that it is not *333 quite safe to invest them with an unlimited power to transfer the money of one to another in such amounts as they deem proper.
Nevertheless, if this power has been clearly given by statute, it must be upheld, as there is no constitutional restriction upon the power of the legislature to provide for the punishment of contempts in this way. But such an intention ought not to be imputed to the legislature, unless plainly expressed in the statute. No such language is found in section 21. Nor can any such design be fairly deduced therefrom. The costs and expenses specified therein were the costs and expenses allowed by the fee bill for the services performed. This construction was uniformly adopted in respect to all statutes giving costs to a party, prior to the Code. This construction was put upon the statute in question in People v. Nevins, 1 Hill, 154, and by the chancellor in Albany City Bank v. Schemerhorn, 9 Paige, 372. There was no intimation in these cases of any power in the court to award any discretionary sum for costs and expenses, or any sum except what was provided in the fee bill.
It follows that there is no power conferred upon the court by this section to make discretionary allowances for costs and expenses in these proceedings. If such power exists, it must be found in some other statute. The learned counsel for the respondent has not cited any such statute, nor have I been able to find any. It follows that the special term erred in determining the amount to be paid to the respondent for his costs and expenses of the proceedings, without any reference to the statute fixing the compensation for the services performed, and that this error was not remedied by the general term, for, although the amount was largely reduced by the latter, yet, in arriving at it, the general term proceeded upon the same principle as the special term, determining the amount in the exercise of discretion, without any reference to any amount prescribed by statute for the services rendered.
I shall not examine or determine whether the compensation is to be governed by the allowances provided by the Revised Statutes or the Code, as that question was not considered by the supreme court, nor discussed by counsel in this court. However this may be, no allowance can be made for costs and expenses, except such as the statute authorizes.
*334 The order does not expressly state that the fine imposed upon the appellant, in addition to that for costs and expenses, was to be paid to the respondent in satisfaction for the injury sustained by him from the misconduct of the appellant. That it was designed for that purpose, and, if sustained, will be so disposed of, I think apparent from the papers. Assuming this to be the fact, the special term erred in arriving at the amount. This was fixed by the judge, without any proof whatever tending to show the amount of. damages sustained. The judge adopted and fixed such amount as he deemed proper, in like manner as in the imposition of a fine upon conviction for an offense, where the punishment prescribed by statute is a fine, the amount of which is to' be fixed by the judge within the limits prescribed by statute. In this class of cases the discretion of the judge, in view of the circumstances, fixes the amount of the fine. Not so in proceedings under the statute in question. In the latter, the accused is to be fined such a sum as will compensate for the damages sustained by the party from the misconduct. These damages must be ascertained by the like evidence, to which are to be applied the same rules of law, as upon the trial of an action brought for the injury. The amount is no more discretionary in proceedings under the statute as for contempt, to procure redress, than in an action brought for that purpose.
The order appealed from must be reversed, and the proceedings remitted to the supreme court for further proceedings in that court.
A majority of the judges concurred in holding the order appealable ; and in reversal on the above grounds.
All concurred in the opinion that the witness was in contempt for not producing the books.
All concurred in the opinion that he was not in contempt for not leaving the books with the referee, except Lott, J., who expressed no opinion on that point.
Order reversed, with costs, and proceedings remitted in conformity with the opinion.