IN THE MATTER OF THE PETITION OF JOHN SWENARTON, APPELLANT, v. WALTER H. SHUPE, AN ATTORNEY, ETC., RESPONDENT.

*Contempt — punishment for, in an action or special proceeding — what facts must appear from the order — Code of Civil Procedure, secs. 9, 14, 2033, 2266, 2281.*

Upon the return to a writ of *habeas corpus* it appeared that one Shupe, an attorney, had been committed under an order adjudging him guilty of contempt in having willfully disobeyed an order directing him to deposit $6,500 with the clerk of the court, and fining him that sum for the indemnity of the petitioner in the proceeding, and ordering that he be committed to the county jail until he paid the fine.

*Held,* that as the punishment exceeded that which the court was authorized to inflict by section 9 of the Code of Civil Procedure, for a criminal contempt, it was to be assumed that the proceedings were instituted under the provision of the Code authorizing the punishment of a person for a contempt in a civil

action for misconduct by which a right or remedy of another may be defeated, impaired, impeded or prejudiced.

That assuming the order to have been made under such latter provisions, it was void because no adjudication was made that the misconduct complained of was calculated to or actually did defeat, impair, impede or prejudice the rights or remedies of the petitioner, or that the latter had sustained any loss or damage thereby.

APPEAL from an order, made upon the return to a writ of *habeas corpus*, discharging Walter H. Shupe from custody.

*R. L. Harrison,* for the appellant.

*G. W. Stephens,* for the respondent.

DANIELS, J.:

The order under which the commitment was issued for the imprisonment of Shupe, was produced upon the hearing of the return to the writ of *habeas corpus*, and from that it appeared that his commitment was directed for disobeying an order directing him to deposit with the clerk of this court, to await the result of certain proceedings, the sum of $6,500. He was adjudged guilty of contempt, for having willfully disobeyed the order, and fined by the court the sum of $6,500, for the indemnity of the petitioner in the proceedings. And it was further ordered that he should be committed to the common jail until he paid the fine, and that a commitment should issue to carry the judgment into effect.

While it was adjudged in the order that the attorney Shupe was guilty of a willful contempt in his disobedience of the preceding order, it is still evident that the proceeding for his fine and imprisonment was not carried on upon that foundation, for where a party is proceeded against for a criminal contempt, the punishment to be imposed upon him by section 9 of the Code of Civil Procedure cannot exceed the sum of $250 and thirty days imprisonment, either or both, in the discretion of the court. The proceeding must, therefore, be construed and held to have been under the other provisions of the Code, authorizing a person to be punished for a contempt in a civil action or special proceeding for misconduct, by which a right or remedy of another may be defeated, impaired, impeded or prejudiced. A proceeding to punish a party for mis-

conduct of this description, has been plainly provided by the Code of Civil Procedure (§§ 14, 2266 and 2281). But where proceedings under these sections are taken, it is indispensable for the punishment of the party that it should be made to appear and be determined by the court, that the misconduct complained of was calculated to or actually did defeat, impair, impede or prejudice the rights or remedies of a party to an action or special proceeding brought in court or before a judge or referee. No adjudication of this character was made by the order directing the commitment or the preceding order, neither was it in any form adjudged that the petitioner in the proceeding had sustained loss or damage to the amount of the fine imposed upon the attorney, or, in fact, in any amount whatever. The order, therefore, failed to exhibit a compliance with what it has been required shall be adjudicated before a party in a civil proceeding shall be punished by way of contempt. A similar provision of the Revised Statutes was examined in *Albany City Bank* v. *Schermerhorn* (9 Paige, 372), where the law was held to be, as it has also been declared by section 2281 of the Code of Civil Proceedure, that to warrant the punishment of the party it must be adjudged by the order that " the accused had been guilty of the contempt, and that such misconduct was calculated to and did impair, defeat, impede and prejudice the rights or remedies of the prosecutor or parties in the cause, and imposing a fine sufficient to indemnify them and to satisfy the costs and expenses ; " and "where anything further remains to be done by the party guilty of the contempt, the order should also specify particularly what he is to do and the manner in which it is to be done to entitle him to his discharge upon the payment of the fine imposed." (Id., 379.) And the same rule was substantially followed in *Clark* v. *Bininger* (75 N. Y., 344).

As this order wholly failed to comply with this requirement of the law, it furnished no foundation whatever for the imprisonment of the attorney. The facts upon which this has been made dependent were not determined by or found in the order in any form whatever. And in the absence of this compliance with the requirement of the statute there was no jurisdiction in the court to subject him to the punishment imposed upon him. His imprisonment was consequently unlawful and he was entitled to be relieved

from it on *habeas corpus* under the authority conferred by section 2033 of the Code of Civil Procedure.

The order from which the appeal has been taken should be affirmed, with ten dollars costs, besides the disbursements.

BRADY, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.