The Sea Insurance Company *vs.* Stebbins and others.

An affidavit of the defendant in a suit in chancery that he has a good defence, without stating the nature and substance of such defence, is not sufficient.

The complainant, in a foreclosure suit, is entitled to a receiver of the rents and profits of the mortgaged premises pending the suit, where such premises will not, upon a sale thereof under the decree, bring sufficient to pay the debt and costs ; and where the party who is personally liable for the mortgage debt is irresponsible. But the appointment of a receiver will be dispensed with if the defendant, who is in possession of the mortgaged premises, gives security to account for the rents and profits, as the court shall direct, in case there should be a deficiency upon the sale of the premises under the decree.

In a petition for the appointment of a receiver of the mortgaged premises, in a foreclosure suit, the complainant must state that the premises are not of sufficient value to satisfy his debt and costs, and that the mortgagor or other person who is personally liable for the payment of the mortgage debt is irresponsible, or is unable to pay the expected deficiency. He must also show who is in possession of the mortgaged premises ; as a receiver can only be appointed where the person in possession of the mortgaged premises, by himself or his tenants, is a party to the suit.

Where a defendant in a foreclosure suit is in possession of the mortgaged premises by his tenant, who is not a party, the possession of the tenant can not be disturbed by the appointment of a receiver : but he may be ordered to attorn to the receiver, and to pay the rent to him.

The bill in this cause was filed, in February, 1838, to foreclose a mortgage given by Stebbins and wife to the Sea Insurance Company, to secure the payment of $5000

and interest. The mortgagor appeared and answered the bill, and the cause was put at issue, by filing a replication to the answer, on the 3d of December in the same year. No further proceedings were had in the cause until November, 1840, when the receivers, who had been appointed by the chancellor to take charge of the property and effects of the Sea Insurance Company, under the provisions of the revised statutes relative to proceedings against corporations in equity, presented their petition for the appointment of a receiver of the rents and profits of the mortgaged premises. The petition stated the object of the suit, and the belief of the petitioners that the mortgage money, together with the interest thereon from November, 1835, remained unpaid : and that the mortgagor, *or some person claiming under him subsequent to the mortgage,* was in possession of the mortgaged premises ; which premises the petitioners believed were not worth sufficient to pay the amount of the principal of the mortgage, exclusive of interest and costs. This last allegation was supported by the affidavit of an agent of the receivers, who had been employed by them to examine the mortgaged premises and to ascertain the value thereof. The application was resisted by affidavits in behalf of the mortgagor, stating that the mortgaged premises, exclusive of the buildings thereon, were worth in cash at least the sum of five thousand six hundred and five dollars ; and that the cash value of the buildings was at least three thousand one hundred and thirty dollars. The mortgagor also swore that he had a good defence to the suit, upon the merits : but did not explain in his affidavit the nature or substance of such defence.

*E. H. Blatchford,* for the petitioners.

*M. T. Reynolds,* for the defendant Stebbins.

THE CHANCELLOR. The affidavit of the mortgagor that he has a good defence to the suit, without stating what that

defence is, can have no influence whatever in the decision of this application. For the practice in this court is to require the party to state under oath what his defence is, to enable the chancellor, or the vice chancellor before whom the application is pending, to see whether it is a real or only an imaginary defence to the suit.(a) In applications of this kind the court must also be satisfied beyond all reasonable doubt that the mortgaged premises, upon a master's sale, will bring sufficient to satisfy the debt due upon the mortgage, with interest and costs, where the petition shows a proper case in other respects for the interference of the court, or a receiver of the rents and profits of the mortgaged premises will be granted ; unless the person in possession consents to give security to account for such rents and profits, as the court shall direct, in case there should ultimately be a deficiency upon the sale of the premises under the decree.

The petition in this case, however, is materially defective in two particulars. The court is only authorized to appoint a receiver where a party to the suit is in possession of the mortgaged premises, either by himself or by his tenants. The petition for a receiver must therefore state who is in possession ; so that the court may not only see that he is a defendant in the suit, but also that he has had due notice of the application, unless he is in default for not appearing in the cause. Where a party to the suit is in possession by his tenant at the time of filing the complainant's bill, which tenant is not himself a party, the possession of such tenant will not be disturbed by the appointment of the receiver ; but he will be directed to attorn to such receiver and pay over the rents to him, instead of paying them to the former landlord. The petition in this case does not show whether the mortgagor, or some subsequent purchaser under him, is in possession of the mortgaged premises ; nor does it state that any of the parties to the suit are in possession, either in person or by their tenants.

(a) See *Meach* v. *Chappell, ante, p.* 135.

The court therefore cannot see that it has jurisdiction to order any person to deliver possession of the mortgaged premises to the receiver, or to order any persons who are in possession as tenants merely, to attorn and pay over their rents to such receiver.

Again ; to authorize the court to interfere and appoint a receiver where there is a mortgagor, or other party to the suit, who is personally liable for the debt secured by the mortgage in case the amount raised upon the sale shall be found insufficient to pay the debt and costs, the party applying for such receiver must not only satisfy the court that there is a probability that the mortgaged premises will not sell for enough· to satisfy the decree, but also that that the party who is thus individually liable is himself irresponsible for the probable amount of such anticipated deficiency, after paying all his other just debts. But in this case there is no intimation, either in the petition of the receivers of the Sea Insurance Company or in the affidavit of their agent in support of such petition, that Stebbins the mortgagor is not abundantly able to pay the whole amount of the mortgage, with interest and costs, if the complainants shall eventually succeed in this suit.

The petition must therefore be denied with $14 costs ; to be paid by the petitioners out of the funds of the corporation in their hands.