## Case No. 7,727.

KERP et al. v. MICHIGAN L. S. R. CO. et al.

[6 Chi. Leg. News, 101.]

Circuit Court, W. D. Michigan. 1873.

RAILROAD COMPANY—APPOINTMENT OF RECEIVER—APPEARANCE WITHOUT OBJECTION—CONFLICT BETWEEN STATE AND FEDERAL COURTS—COMITY—CITIZENSHIP OF PARTIES—APPEARANCE WITHOUT OBJECTION.

1. The court considers what allegations, under the acts of congress, are necessary as to the citizenship of the parties in order to give the United States circuit court jurisdiction.

2. That under the act of 1839 [5 Stat. 321], jurisdiction is conferred over non-residents of the district where suit is brought if they voluntarily appear therein; that the suit can proceed against them if they voluntarily appear, or without them if they are not necessary parties.

3. That if the Continental Improvement Company is a necessary party, it having appeared generally by solicitors, there is a waiver of exemption from jurisdiction, and it is properly before the court for all the purposes of this suit.

4. That the objection to the jurisdiction that all the bondholders are necessarily parties, that their citizenship must appear to be such as to entitle each and all to bring suit or be parties, and that as the bill of complaint shows two persons, one of Massachusetts and one of Illinois, to be bondholders who are not made parties, is met by rule 48 in equity, "sufficient parties are before the court to represent all adverse interests of plaintiffs and defendants in the suit"; that any decree must be without prejudice to the rights of all the absent parties.

5. That if the tenant was not a party, that would not be an objection to the appointment of a receiver, to whom the tenant could be required to attorn and pay over the rents instead of paying them to the mortgagor, but without power in such receiver to molest the possession of the tenant; that when the tenant is a party before the court a receiver of the mortgaged premises may be appointed.

6. A bill was filed in the state court subsequent to this suit, and subsequent to service on the defendant railroad company, and subsequent to the motion for a receiver in this court, and the state court, on being advised of this suit and the motion in this court having precedence in point of time, before hearing the parties, dismissed the bill and discharged the receiver it had appointed: *Held*, that the state court, in dismissing the bill and discharging the receiver, very properly acted upon the rule of comity that where both state and federal tribunals have jurisdiction of the same subject matter of litigation, the one first put in motion and acquiring jurisdiction will be left to adjudicate between the parties.

7. The court considers what will be heard on the motion for the appointment of a receiver, and is of the opinion that the case can not be heard on its merits, as at the final hearing.

8. The court states for what causes a receiver will be appointed in a foreclosure suit.

[Cited in Morris v. Branchaud, 52 Wis. 191, 8 N. W. 885.]

[This was a bill for foreclosure and for the appointment of a receiver, by Albert Kerp and Chester Warner, trustees, and Jeptha H. Wade, against the Michigan Lake Shore Railroad Company and the Continental Improvement Company.]

Norris & Blair, for complainants.

Hughes, O'Brien & Smiley, for defendants.

WITHEY, District Judge. Complainants filed their bill of foreclosure and applied for the appointment of a receiver to take possession of the road and property of the Michigan Lake Shore Railroad Company. At the hearing, under the order to show cause, numerous objections were urged involving the jurisdiction of the court and the right to have a receiver appointed. Complainants, Kerp and Warner, are trustees named in a mortgage covering the road, property and franchise rights of the railroad company, and securing $880,000 of the company's indebtedness, in bonds of one thousand dollars each, dated December 1, 1869, due in twenty years, interest at eight per cent., payable semi-annually on the first day of July and January each year. These bonds were sold upon the general market, and complainant Jeptha H. Wade, became and is the holder of one hundred bonds with interest warrants numbered from 1 to 100, both inclusive. A second mortgage to the same parties was made and executed June 13th, 1871, covering the same property and interests, but drawn up with greater particularity than the first, and designed to cure partial omissions and defects in the first mortgage. In case of neglect to pay principal or interest, or failure to fulfill any of the covenants of the mortgage, the trustees are authorized to enforce the trust by taking possession through a receiver or otherwise. The railroad company had made default in payment of interest upon all of said

coupon bonds since the first day of July, 1872; the amount of interest due and unpaid to complainant Wade is eight thousand dollars. He and other bondholders to a large amount, have made requisition upon the trustees for the enforcement of bondholders' rights. The bill is filed in the interest of, and to protect the just and equitable rights of, each and all of the bondholders who may desire to become parties to the bill of complaint; those not named in the bill, it is alleged, are, as to names and residence, unknown to complainants, save two, whose names are given. The property and rights conveyed by the two mortgages are alleged not to be worth the amount of indebtedness secured thereby; the railroad corporation is insolvent and irresponsible and in possession by themselves, their tenants and lessees, of the rights, properties and franchises; and the mortgaged premises a slender and scanty security.

The Continental Improvement Company is "a corporation created under and by the laws of the state of Pennsylvania, but having offices, officers and doing business within this state and district, and have, or claim to have, rights and interests in the premises as tenants, lessees or subsequent purchasers, incumbrancers or otherwise." Defendants have appeared by their solicitors; the railroad corporation has answered, the other defendant has demurred. It is first objected to the jurisdiction, that, as to "the Continental Improvement Company" there is no sufficient averment of citizenship. If the bill sets forth facts from which citizenship of the parties may be presumed or legally inferred, it is sufficient. The obvious meaning of the averment that "the Continental Improvement Company is a corporation under and by the laws of the state of Pennsylvania," is that it is a citizen of that state. Marshall v. Baltimore & O. R. Co., 16 How. [57 U. S.] 329; Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 286; Paul v. Virginia, 8 Wall. [75 U. S.] 168; U. S. Exp. Co. v. Kountze, 8 Wall. [75 U. S.] 342; Jones v. Andrews, 10 Wall. [77 U. S.] 331; Chicago & N. W. Ry. Co. v. Whitton, 13 Wall. [80 U. S.] 283.

It is further objected, that if the Continental Improvement Company is a citizen of Pennsylvania, and a necessary party defendant, then, not being a citizen of the state where suit is brought, and plaintiffs not being citizens of this state, there is no jurisdiction as to such company. The judiciary act of 1789 [1 Stat. 73] invests this court with jurisdiction of cases only where the suit is between a citizen of the state in which suit is brought and a citizen of another state, and declares that no civil suit shall be brought before the U. S. circuit court against an inhabitant of the United States by original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time

of serving the writ. Neither the complainants nor the Continental Improvement Company are citizens of this state, and this defendant was not found in this state at the time of serving the writ. Service on an agent of such corporation, was not service on the company; and, according to the cases decided under the act of 1789, each of the plaintiffs, if more than one, must be able to sue each of the defendants, if more than one. The plaintiffs here are residents of States other than Michigan, and while they might, under that statute, sue the Michigan Lake Shore Railroad Company, a citizen of Michigan, they could not sue the Continental Improvement Company, a citizen of Pennsylvania. But the act of February 28, 1839 (5 Stat. 321, 322, § 1), confers jurisdiction over non-residents of the district where suit is brought, if they voluntarily appear therein; the suit can proceed against them if they voluntarily appear, or without them if they are not necessary parties. Jones v. Andrews, 10 Wall. [77 U. S.] 327. If the Continental Improvement Company is a necessary party, it having appeared generally by solicitors, there is a waiver of exemption from jurisdiction, and it is properly before the court for all the purposes of this suit. Jones v. Andrews, supra.

Again it is objected to the jurisdiction that all the bondholders are necessary parties; that their citizenship must appear to be such as to entitle each and all to bring suit or be parties; and that, as the bill of complaint shows two persons, one of Massachusetts and one of Illinois, to be bondholders, who are not made parties, there is a twofold objection here to jurisdiction. Rule 48 in equity controls the practice of this court, and this objection is met by it. "Sufficient parties are before the court to represent all adverse interests of plaintiffs and defendants in the suit." Any decree must be without prejudice to the rights and claims of all the absent parties. The bill is filed by complainants in their own behalf, and of such others in interest as may choose to come in, and states that there is a large number of bondholders whose names and places of residence complainants have no means of ascertaining.

Objection is made to appointing a receiver because the Continental Improvement Company is in possession as tenant of the mortgagors, and it is claimed the extent a court will go in such case is to order the tenant to attorn to the mortgagee. If the tenant was not a party before the court, that would be no objection to the appointment of a receiver to whom the tenant could be required to attorn, and pay over the rents instead of paying them to the mortgagor, but without power in such receiver to molest the possession of the tenant. When, however, the tenant is a party before the court, a receiver of the mortgaged premises may be appointed. Edw. Rec. 358. See Sea Ins.

Co. v. Stebbins, 8 Paige, 565. Any other view would place it in the power of a mortgagor, by leaving the mortgaged property, to greatly jeopardize the security and interests of a mortgagee. It is said, also, that a receiver appointed by a state court is in possession of the premises and properties, and therefore this court will not appoint one, or do anything to disturb the receiver of the state tribunal. But it appears that the suit in the state court, in which a receiver was appointed, was brought there subsequent to this suit being brought here, and subsequent to service on the defendant railroad company, and subsequent to the motion here for a receiver. It further appears that the state court, on being advised of the suit and motion in this court, having precedence in point of time, before hearing the parties, granted an order discharging the receiver in the state court, and dismissed that bill. It is evident, therefore, that this court is not restricted in its action by what has been done in the state court, nor would it be, under the facts, if that court had not discharged its order appointing a receiver. The state court has, however, very properly, it seems to me, acted upon the rule of comity, that where both state and federal tribunals have jurisdiction of the same subject-matter of litigation, the one first put in motion and acquiring jurisdiction will be left to adjudicate between the parties.

· A still further objection is that a receiver will not be appointed where the proceedings under which the bonds and mortgages were made and issued are impeached. The showing by defendants is the affidavit of the secretary of the railroad company, stating that affiant has made search, and is not able to find a record of authority given by the stockholders to the board of directors, or any officer or officers, of said company, to execute the mortgage or issue the bonds in question. It is urged that by the laws of Michigan, under which the Michigan Lake Shore Railroad Company was organized, a corporation is alone authorized to bond and mortgage its road and franchises. 1 Comp. Laws 1871, p. 760, par. 2323. The court is not disposed, on this motion, and resting upon the single item of negative proof, as to the want of a record of action on the part of the corporation through its stockholders authorizing the bonds and mortgages, to decide a question involving the validity of the securities. As regards creditors (if any other than those secured by these bonds and mortgages), the question would certainly be a grave one. If the corporation never authorized the execution of the securities as against the railroad corporation, the question may or may not assume equal importance. If authority from the stockholders was necessary, and was not given, still there may have been subsequent acts of ratification. The question is vital, and ought not to be decided until there is opportunity to place all the facts before the court at the final hearing. The mortgages and bonds, as set out in the bill, purport to be the acts of the corporation, and are averred to be such. It does not seem to me that on this motion the case can be heard on its merits, as at the final hearing.

Finally, it is objected that the bill fails to make out a case on the merits for a receiver, and reference is made to numerous authorities. The rule asserted is that a receiver will not be appointed unless there has been abuse, or is danger of abuse, on the part of the mortgagor or party in possession. Receivers are not appointed as a matter of course, but it rests in the sound discretion of the court. Whether the power will be exercised depends always upon the facts and rights as they appear before the court. There is a multitude of cases showing where the power has, and where it has not, been exercised, each case depending on its particular facts and circumstances.

From the decided cases, the general rule, which should govern, is abundantly illustrated. One ingredient to justify the appointment of a receiver in a case of foreclosure of mortgaged premises is that the security is inadequate; this the bill avers. Another, that the party to the suit is in possession by himself or his tenant and the proper parties before the court; such is this case. Again, the mortgagor or party personally liable for the debt must be shown to be irresponsible for any deficiency on sale of the mortgaged premises; this the bill shows. A large amount of interest is overdue and unpaid. From the case before the court, it would seem the interest must be met from the earnings of the road, and yet the net earnings are not applied. Is it not an abuse on the part of the mortgagors, if insolvent, that the net earnings are not applied to the interest? What excuse exists for the omission? The obligation of the mortgagor is common to all mortgagors, viz. to meet its accrued indebtedness, and, if its only means with which to meet the interest are not thus applied, such neglect of a paramount obligation is little less than an abuse which will justify the appointment of a receiver, in connection with all the facts in this case. The mortgage provides that, in case of default in payment of any interest or principal of the secured debt, the trustees may take possession of the road and property, in person or by a receiver, and operate the road. The court is of opinion that a receiver should be appointed with the usual powers in such cases. The order may be drawn and submitted to the court for approval. Mr. D. P. Clay is nominated by complainants for receiver, and he would seem to be a proper person, having experience in railroad management. Unless valid objections exist, of which the court is not now advised, his appointment would appear judicious, and will be made. I will, how-

ever, hold the question, and give the defendants opportunity to present objections and be heard, and, if necessary, refer the subject to a master.