WILLIAM WILLIAMS *vs.* R. C. NOLAND.

October Term, 1874.

RECEIVER—MORTGAGE OF PERSONAL PROPERTY.—Upon bill filed by the mortgagee to foreclose a mortgage of personal property by sale, a receiver will not be appointed at his instance, where the property is adequate to meet the debt, if the mortgagor will give bond, with good security, for the forthcoming of the property to answer the decree.

RECEIVER—UNDER BILLS TO FORECLOSE MORTGAGES.—The subject of the appointment of a receiver of mortgaged property, under a bill to foreclose the mortgage, considered.

*Andrew Allison*, for complainant.

————, for defendant.

THE CHANCELLOR:—Bill filed by the complainant, as mortgagee, to foreclose a mortgage given to him by the defendant on his undivided half-interest in eight head of mules and horses, two transfer wagons, one dray, and one top-buggy. The mortgage debt is past due, and the property is in the possession of the defendant. The complainant alleges that he does not know who is the possessor of the other undivided half-interest in the property. The bill does not allege that the defendant is insolvent, or that the property itself is inadequate to satisfy the mortgage debt. A receiver is applied for upon the ground that " complainant is fearful that, if said property is left in the hands of defendant, he will squander, conceal, and otherwise make way with the same, for the purpose of hindering the foreclosure of the said mortgage, and otherwise delaying complainant in the collection of his said debt."

The defendant has not answered, nor asked time to answer, nor filed any affidavit in response to the bill, but appears by counsel and objects to the sufficiency of the allegations of the bill to authorize the appointment of a receiver. He proposes, however, to give bond, with good security, to produce the mortgage property at any time the court may order, or to abide the judgment of the court. The proposition seems to be in the alternative—to produce the property or pay the decree.

All the courts of this state are, by statute, vested with power to appoint receivers for the safe-keeping, collection, management, and disposition of property in litigation, whenever necessary to the ends of substantial justice. Code, 3768. And the Chancellors and circuit judges are authorized to appoint receivers in vacation, upon reasonable notice of the time and place of the application, and of the person

before whom it will be made, or good cause shown why such notice should not be given. Code, §§ 4452, 3948. The exercise of the power is, however, left as before, but it has been held by our courts that a prayer in the bill for the appointment of a receiver is not essential, that a receiver may be appointed at any stage of a cause when the facts justify the appointment, and that the inadequacy of the mortgaged property to pay the lien debts would be a sufficient ground to appoint a receiver to accumulate a fund from the rents and profits. *Henshaw, Ward & Co.* v. *Wells,* 9 Humph. 568, 579.

In England, a mortgagee, having the legal estate, could not come into equity for a receiver, his remedy to obtain possession being plain at law. *Berney* v. *Sewell,* 1 J. & W. 648; *Silver* v. *Bishop of Norwich,* 3 Swans. 115, note. But this ruling was based upon the old doctrine of foreclosure by possession of the mortgagee, and barring the equity of redemption. The rule has been changed by statute. 23 and 34 Vict., ch. 145, §§ 11, 17, 32.

A mortgage, in most of the United States, is recognized merely as a security for the debt, and the right to recover possession at law, in many of the states, does not exist. 1 Washb. on Real Prop. 516; 4 Kent Com. 155. The foreclosure is usually by sale of so much of the property as may be required to pay the debt, and, upon bill to foreclose, the appointment of a receiver would seem to be of course in all proper cases. *Quincy* v. *Cheeseman,* 4 Sandf. Ch. 405; *Hyman* v. *Kelly,* 1 Nev. 183. But, inasmuch as such interference is a depriving of the defendant of a present use and enjoyment of the property, and, *pro tanto,* a decision against him, the court ought not to disturb the existing possession without a strong necessity. *Carrow* v. *Ferrior,* L. R. 3 Ch. App. 719. The application ought, therefore, to show that the property is inadequate, without the income, to pay the debt and costs, and that the mortgagor is unable to pay the expected deficiency. *Sea Ins. Co.* v. *Stebbins,* 8 Paige, 565. And it seems the fact that the fund is in

danger is not sufficient, unless the party in possession is
also shown to be irresponsible. *Tyler* v. *Poppe*, 4 Edw.
Ch. 430; *Clark* v. *Ridgely*, 1 Md. Ch. 70.

In this state it was settled at an early day that, on a
bill to foreclose, the court would not vest title in the mort-
gagee, but would direct a sale. *Hord* v. *James*, 1 Tenn.
201. And this ruling has been uniformly followed, the
mode and conditions of sale being, in the absence of specific
contract, regulated by statute. Code, §§ 2124, 2145. The
mortgage is treated as a mere security for the debt, and
although the right to recover possession at law upon the
legal title has not been denied, yet the mortgagee in posses-
sion is held to a strict account for rents and profits. *Over-
ton* v. *Bigelow*, 10 Yerg. 58; *Young* v. *Henderson*, 4 Hayw.
10. And, when the mortgagee is out of possession, it is the
*corpus* of the property, not its rents and profits, which con-
stitutes the fund for the satisfaction of the debt. *Whit-
more* v. *Parks*, 3 Humph. 95, 99.

A mortgagee is, therefore, not entitled as a matter of right,
in the absence of any stipulation of contract on the subject,
to claim the rents or hires of the mortgaged property pend-
ing the litigation. To entitle him to impound such rents or
hires, it must appear that the property itself is inadequate,
and the mortgagor irresponsible. No such allegations are
made in this bill.

The application is rested on the ground that the property
is in danger of being lost to complainant if left in the cus-
tody of the defendant. This is undoubtedly a good ground
under our statute. Code, § 3768. Although, as we have
seen, the weight of authority seems to be otherwise if the
mortgagor is solvent. The allegation of the bill, in this
case, is not a positive assertion of danger, but the expres-
sion of a mere apprehension on the complainant's part.
Upon a denial by the defendant, by answer or affidavit, of
any such intent to make away with the property, as the com-
plainant seems to apprehend, it is clear the allegation would
be wholly insufficient. And it is very doubtful whether

the allegation of a fear is sufficient in any case, it being the· averment of a mere state of mind, upon which no issue can be made.

The defendant, however, proposes to quiet the complain-- ant's apprehensions by giving bond to have the property· forthcoming. The appointment of a receiver may be dis-- pensed with if the defendant in possession will give security to account for the rents and profits, in cases where such rents and profits are required to pay the debt. *Sea Ins.. Co.* v. *Stebbins*, 8 Paige, 565. The same rule would seem to apply to the property itself, when personal, and the mort- gagee was, upon giving a forthcoming bond, allowed to take possession of the property from the receiver, in *Overton* v. *Bigelow*, 10 Yerg. 54. Moreover, the universal rule in this state, sanctioned by statute, is to allow the owner of property in *custodia legis* to regain possession upon giving a sufficient bond to have the property forthcoming at the proper time, or pay the creditor's demand as finally adjudged. Code, §§ 3044, 3509, 4447.

Under the circumstances of this case the defendant may retain possession upon giving the bond proposed ; otherwise,. there will be a receiver.