THE BOWERY SAVINGS BANK, Respondent, v. EDWARD
C. RICHARDS, Executor, etc., and others, and ANDREW
B. HINE, Appellant.

*Mortgage foreclosure — Contempt in collecting rents after appointment of receiver —
Tenant — remedy of receiver against one not a party to the action — Attornment.*

It is not sufficient, to justify a commitment for contempt: to show an appointment
of a receiver of the rents, etc., of mortgaged premises; notice of it to the party
alleged to be in contempt, who claimed the rent under an assignment from the
owner of the equity of redemption, subsequent to the recording of the mortgage
and prior to the appointment of the receiver in the foreclosure suit, to which he
was not a party ; that thereafter such party collected rent from a tenant of the
mortgaged premises, not a party to the foreclosure suit, and that he refused to
pay such rent to the receiver.

If the property is in the possession of a third person, who claims the right to
retain it, the receiver must either proceed by suit in the ordinary way to try his
rights, or must make such third person a party to the foreclosure suit, and
apply to have the receivership extended to the property in his hands.

The proper practice, when the tenant is not a party to the foreclosure suit, is to
compel him to attorn to the receiver.

Appeal from two orders ; one directing a reference to determine
the injury sustained by a receiver appointed in this action, by reason
of the appellant, Andrew B. Hine's contempt of court, in collect-
ing rent from the tenants of certain mortgaged premises ; the other
imposing a fine upon the appellant, and directing his commitment
until payment, for a contempt.    The four actions in which these
proceedings were had, were brought to foreclose four mortgages.
A receiver of the rents and profits of the mortgaged premises was
appointed.    Prior to the foreclosure, the owner of the equity of
redemption had assigned the rents of the premises in question to
Hine, Cole and Gray (not parties to the foreclosure suits).    After
notice of the receiver's appointment, Hine collected rents and
refused to pay them to the receiver.

*Albert Smith*, for the appellant.    The right to proceed against
Hine, as for a contempt, depends upon the question, "Whether
the receiver, either by himself, or his agents or tenants, was
in possession of the property," at the time it is alleged to have
been interfered with by Hine, "and not upon the mere right

to reach such property by creditor's bill?" (*Noe* v. *Gibson*, 7 Paige, 513; *Albany City Bank* v. *Schemerhorn*, 9 id., 377.) He was not put in possession of the rents and profits by the order appointing him, for this could only reach property in the possession of an adverse party, *i. e.*, a party to the action. (Code, § 244, sub. 1.) No one shall be deprived of property without due process of law. (U. S. Con.) The assignment to Hine, Cole and Gray, vested in them the rents and profits as an actual property and right of possession, distinct and separate from the reversion. (*Demarest* v. *Willard*, 8 Cow., 206; *Willard* v. *Tillman*, 2 Hill, 274; *Moffatt* v. *Smith*, 4 Com., 126.) The tenants had been paying rent to Hine, Cole and Gray, who were therefore actually in possession, as well as by operation of the statute. (3 Rev. Stat. [5th ed.], 30, § 166.) The statute never contemplated holding any one guilty of contempt for maintaining a legal right. (Rev. Stat., § 1, tit. 13, part 3, ch. 8.) A receiver cannot take property that is the subject of the action from one who is not a party to the action, and one not a party to the action is not to be punished as for contempt, for not obeying an order issued in it. (1 Madd. Ch. Pr., 145; *Watson* v. *Fuller*, 9 How. Pr., 425; *Field* v. *Ripley*, 20 id., 26; *McCarthy* v. *Peake*, 9 Abb. Pr., 164; 18 How. Pr., 138.)

*William G. Wilson*, for the respondent. Hine being merely an assignee of rents, took no interest whatever in the land, and had neither possession nor right to the possession of the premises. He was not, therefore, a necessary party either to the suits or to the motion for a receiver. (*Huerstel* v. *Lorillard*, 6 Robt., 260; *Demarest* v. *Willard*, 8 Cow., 206.) By the appointment of the receiver, the premises passed into the charge and custody of the court. (*Steele* v. *Sturges*, 5 Abb. Pr., 442.) The order being regular on its face must be respected while in force, and the receiver holds the rents collected subject to the order of the court. (*People* v. *Compton*, 1 Duer, 542.) The conduct of Hine was a contempt, and properly punishable as such. (2 Rev. Stat., 534, § 1, par. 4; *Hull* v. *Thomas*, 3 Edw. Ch., 236.)

DANIELS, J. :

The contempt for which the punishment of the appellant has been directed, consisted in the collection of rents by him, arising

out of the occupancy of mortgaged property, for which a receiver had been appointed, during the pendency of an action for the foreclosure of a mortgage. The appellant claimed the rent as assignee of the owner of the equity of redemption, under an assignment made subsequent to the execution and recording of the mortgage, and before the appointment of the receiver. And it was probably subordinate to the rights of the plaintiff under his mortgage; but that question it is not either necessary or proper to consider or decide for the purpose of disposing of the present appeal. The appellant was not a party to the suit, nor to the proceeding in which the order was made, appointing the receiver, and that order never appears to have been served upon or exhibited to him. The most that was done in that respect, was, to inform him that the appointment had been made, which information was accompanied by an offer to exhibit to him a certified copy of the original order. That, however, was not done, apparently for the reason that Hine claimed that he was not bound by the order, and was entitled to collect and receive the rents under the assignment made to him. The affidavits used as the foundation of the orders appealed from, are exceedingly barren in their disclosure of the facts upon which the proceeding was instituted on behalf of the receiver. They simply show his appointment, notice of it to Hine, and that he, by virtue of summary proceedings for the dispossession of the tenant, collected the rent due, after the latter had been informed of the appointment, and that the receiver claimed the rent of him. They do not show that the tenant ever undertook to pay him the rent, or in any other possible way attorned to him in his capacity of receiver. The subject-matter of this proceeding, consequently, was never brought within the control of the receiver, nor subjected to the power of the court, so far as to be within its protection, by means of its power to punish the appellant for contempt. He had an assignment of the rent, apparently for a fair consideration, as between himself and the owner of the equity of redemption. And, so far as possession could be predicated of an intangible thing, it seems to have been acquired by him. The receiver never secured possession or control; and he took no measures to compel an attornment of the tenant to him. He was not therefore disturbed by Hine in the enjoyment or exer-

cise of his official functions, so far as to render him subject to the process of the court for contempt. To bring him within the reach of the power of the court to punish him in that manner, the receiver should have secured the attornment of the tenant, or the action should have been extended by amendment so far as to make Hine a party to it. The rule upon this subject was declared by the chancellor to be as follows : " If the property is in the possession of a third person who claims the right to retain it, the receiver must either proceed by suit, in the ordinary way, to try his right to it, or the complainant should make such third person a party to the suit, and apply to have the receivership extended to the property in his hands ; so that an order for the delivery of the property may be made which will be binding upon him, and which may be enforced by process of contempt, if it is not obeyed." *

The proper practice, in a case of this description, where the tenant is not a party to the action for the foreclosure of a mortgage, is to compel him to attorn to the receiver. Then the court can protect the person paying, as well as the officer claiming the rent, from the improper interference of all other persons. But where the tenant is not a party to the action, and no attornment to the receiver has taken place, the jurisdiction over the subject by way of process for contempt cannot be maintained. † In a case where levies had been made by sheriffs, on property claimed by a receiver, the court held, that "if the tenants had attorned to the receiver, or had agreed to account to him for a share of the crops, etc., belonging to the landlord before the sheriffs levied their executions thereon, the appellants were not authorized to disturb such constructive possession of the receiver. And they may be compelled to restore the property, or the value of it in this summary way. On the other hand, if the receiver was not in possession, either by himself or his tenants by attornment, or by his agents, he cannot enforce a delivery of this property to him by proceedings as for a contempt against the sheriffs who have levied thereon ; although he may have an equitable right to recover the same by bill in this court, founded upon the previous order to appoint a receiver." ‡

* Parker v. Browning, 8 Paige 388, 390.   † Sea Ins. Co. v. Stebbins, 8 Paige, 565.
‡ Albany City Bk. v. Schmerhorn, 9 Paige, 372, 377.

The facts shown in support of the application made, were not sufficient to justify the orders for the punishment of Hine, the appellant, within the principles maintained by these authorities. The orders should consequently be reversed, with ten dollars costs, besides disbursements, and the motion denied with ten dollars costs, without prejudice to any further proper proceedings for the recovery of the fund in dispute.

DAVIS, P. J., and BRADY, J., concurred.

Ordered accordingly.