JOHN HAYES, Appellant, *v.* MARCENA M. DICKINSON, Respondent.

*Foreclosure of mortgage — Receiver of rents and profits — Assignee in bankruptcy of mortgagor — right of, to money in hands of receiver.*

The complaint and *lis pendens* in this action, brought to foreclose a mortgage, were filed September fourth, and one defendant served September sixth. On the eighth the mortgagor filed a petition to be, and on the twenty-third he was declared a bankrupt. On the eleventh the mortgagor was served with a copy of the complaint and notice of motion for appointment of a receiver to collect the rents and profits, *pendente lite.* On October first a receiver was appointed. The premises having been sold under a decree of foreclosure on the thirteenth of December, and a deficiency having arisen thereon, the plaintiff applied on the twenty-third of March to have the accounts of the receiver passed. Upon the hearing the court directed the funds in the hands of the receiver, being the amount of the rents collected by him prior to the sale, to be paid over to the assignee in bankruptcy. *Held,* that this was error; that the assignee took only such interest in the premises as the bankrupt had, and that such interest was subject to the equity existing in favor of the plaintiff to have the receiver appointed.

Appeal from an order directing the rents of mortgaged premises in the hands of a receiver, to be paid to the assignee in bankruptcy of the mortgagor.

This action was brought to foreclose a mortgage on leasehold property in the city of New York, owned by the defendant Dickinson.

On the 4th September, 1875, the complaint and *lis pendens* were filed with the clerk of New York county, and on the 6th September, 1875, one of the defendants was personally served with the summons and a copy of the complaint.

On the 8th September, 1875, defendant Dickinson filed his petition in bankruptcy in the District Court of the United States for the southern district of New York, and was thereafter adjudged a bankrupt. An assignee of his assets was duly appointed, and an assignment to such assignee of all the property and estate of the bankrupt was made by the register in bankruptcy in November following.

On the 11th September, 1875, the defendant Dickinson was personally served with the summons and a copy of the complaint herein, and also with papers and notice of motion for the appointment of a receiver of the said premises and of the rents and profits thereof.

On 1st October, 1875, an order was entered appointing John W. McGuire such receiver, who immediately filed the necessary bond, duly qualified and entered into possession of said premises, and thereafter collected the rents thereof until the sale under decree in the action.

On 13th December, 1875, a judgment of this court for foreclosure and sale of said premises was regularly entered, the premises were sold and upon report of the sale a judgment for deficiency was entered against the defendant Dickinson for $5,001.72.

On 23d March, 1876, on application of the plaintiff on notice, an order was entered appointing a referee to pass the receiver's accounts. The referee made his report, and thereafter the plaintiff moved, on notice to all parties interested, that said report be confirmed and the balance of rents remaining in the receiver's hands be paid to the plaintiff, in reduction of his judgment for deficiency. The assignee in bankruptcy appeared on the motion and claimed the money as a part of the assets of the bankrupt. After hearing an order was made confirming such report, but denying the application for payment of the moneys to plaintiff and ordering the payment of the balance, $343.36, to the assignee in bankruptcy.

From that order (except so much as confirmed the referee's report) the plaintiff has appealed.

*Geo. E. Horne,* for the appellant and plaintiff.

*John C. T. Smidt,* for the respondent's assignee in bankruptcy.

BRADY, J.:

This action was brought to foreclose a mortgage. On the 14th September, 1875, the complaint and *lis pendens* were filed. On the sixth September one of the defendants was served with the summons and complaint, but Dickinson, the mortgagor, was not served with them until the eleventh September. On the eighth September, and therefore prior to such service, he presented his petition in bankruptcy and on the twenty-third September was adjudged a bankrupt. On the twenty-ninth September an application was made herein for the appointment of a receiver of the rents and profits of the mortgaged premises, on the grounds that upon the sale thereof they would not bring enough to pay the debt due and the existing liens and that the mortgagor was insolvent. The affidavit containing these statements was verified on the ninth September. On the first October an order was entered appointing a receiver. On the 23d March, 1876, an order was duly entered appointing a referee to pass the receiver's accounts, and on the coming in of his report the plaintiff moved, on proper notice to all the parties, for its confirmation, and that the balance of rents remaining in the receiver's hands should be paid to him. The assignee in bankruptcy appeared on the motion and claimed such balance as a part of the assets of the bankrupt. The result of the motion was the confirmation of the report, and a direction that the balance should be paid to the assignee and not to the plaintiff. The plaintiff appeals from such direction. Was the plaintiff entitled to the money? This is the question presented for our consideration. When the plaintiff commenced this action the necessary elements existed, which authorized the application for a receiver and entitled him to such relief. The mortgaged premises were not sufficient to pay the debts and liens, and the mortgagor was insolvent. An equity consequently intervened, and the proceedings to secure it were inaugurated on the ninth September, when the affidavit mentioned was made, and therefore before the defendant was adjudged a bankrupt. It is settled as a part of our system of remedies that a receiver must be appointed under circumstances such as disclosed, and the jurisdiction of this court over the whole subject was acquired when the action was commenced. (*Sea Ins. Co.* v. *Stebbins*, 8 Paige, 567; *Howell* v. *Ripley*, 10 id., 47; *Astor* v. *Turner*, 11 id., 436; *Clark*

v. *Binninger*, 39 How. Pr., 363; *Miller* v. *Bowles*, 2 N. Y. S. C. [T. & C.], 568.) The trustee or assignee in bankruptcy takes the property subject to all legal and equitable claim of others. It is affected by the equities which can be urged against it, not tainted by fraud. (*Cook* v. *Tullis*, 18 Wall., 332; *Kelly* v. *Scott*, 49 N. Y., 595 and cases cited.) Aside from the equity which springs from the relations of mortgagor and mortgagee, and the design of the parties that the premises should be employed to pay the mortgage debt, there are equities in favor of the plaintiff herein. It was by his diligence that the rents were secured. The receiver appointed to collect and preserve them was appointed at his instance, and not by any act of the assignee, so far as we are advised by the papers, submitted. It is enough, however, that the assignee took whatever interest the bankrupt had in the premises, subject to the existing equities, to render it our duty to reverse the order made at Special Term. Such must be the effect of this appeal, and it is so ordered; but we think no costs should be granted against the assignee, who is in fact the respondent in this proceeding.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, without costs.